■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY KELLY, Appellant. [787 NYS2d 330]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered November 7, 2002, convicting defendant, after a jury trial, of burglary in the second degree (two counts) and grand larceny in the fourth degree (seven counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The court provided a meaningful response to the jury's note seeking instruction on the "criteria we can use to evaluate circumstantial evidence" (*see People v Malloy*, 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]). Since there was direct evidence of defendant's guilt, there was no need for a circumstantial evidence instruction, and the court had properly declined to give such an instruction in its main charge (*see People v Roldan*, 88 NY2d 826 [1996]). Accordingly, the court was not required to give an inapplicable instruction merely because the jury requested it.

Defendant's claim that the court violated the principles of *People v O'Rama* (78 NY2d 270 [1991]) by failing to adequately apprise defense counsel of its intended response is unpreserved (*see People v Starling*, 85 NY2d 509, 516 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it because the court informed counsel of the substance of its intended response and gave counsel an opportunity to be heard (*see People v O'Rama*, 78 NY2d at 277-278).

The court did not violate defendant's right to represent himself at the sentencing proceedings, since defendant never made an unequivocal request to proceed pro se (*see People v Rainey*, 240 AD2d 682 [1997], *lv denied* 91 NY2d 836 [1997]). Amid various complaints about his trial counsel and other matters, defendant's sole expression of interest in representing himself at the sentencing proceedings was followed, almost immediately, by his apparent agreement with the court's observation that self-representation at that stage of the case would be undesirable. Furthermore, defendant had ample opportunity to clarify his position but failed to do so. Accordingly, there is no basis upon which to conclude that defendant was requesting pro se status as an alternative position to a primary request for new counsel.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender

is unpreserved for appellate review and, in any event, without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was triggered solely by his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Marlow, Ellerin, Gonzalez and Catterson, JJ.