■ The People of the State of New York, Respondent, v Alex Ramos, Also Known as Albert Lugo, Appellant. [825 NYS2d 222]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered September 12, 2000, convicting defendant, after a jury trial, of rape in the first degree, kidnapping in the second degree, sodomy in the first degree, attempted rape in the first degree (two counts), attempted sodomy in the first degree and sexual abuse in the first degree (four counts), and sentencing him, as a second violent felony offender, to an aggregate term of 148 years, and order, same court and Justice, entered on or about July 27, 2001, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court did not deprive defendant of his right to represent himself. Defendant never made an unequivocal request to do so (*see e.g. People v Kelly*, 14 AD3d 390 [2005], *lv denied* 4 NY3d 832 [2005]). Although, at times, defendant used the expression "pro se," the context reveals that he was requesting permission to place matters on the record personally, rather than requesting to proceed pro se for all purposes (*see People v Lewis*, 253 AD2d 698 [1998], *lv denied* 92 NY2d 983 [1998]). In each instance, the court permitted him to speak, and the proceedings continued without incident. Even assuming that defendant's statements could be viewed as applications for permission to represent himself, defendant did nothing to call the court's attention to its failure to rule on such applications, and thus he abandoned the issue (*see People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Brimage*, 214 AD2d 454 [1995], *lv denied* 86 NY2d 732 [1995]; *see also People v Hirschfeld*, 282 AD2d 337, 338-339 [2001], *lv denied* 96 NY2d 919 [2001], *cert denied* 534 US 1082 [2002]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d

708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), and the court properly denied his CPL 440.10 motion raising that issue. Nothing in the trial record, or in defendant's submissions on the motion, suggests that he was mentally incompetent to stand trial, or that his counsel should have requested a CPL article 730 examination or considered raising any type of psychiatric defense. Defendant predicates his arguments in this regard on the fact that in furtherance of his crimes, as well as in his dealings with law enforcement authorities, defendant impersonated a famous boxer. While defendant now asserts that he was exhibiting a delusion that he actually was that boxer, there is nothing to support that assertion. Instead, there is every indication that defendant's impersonation of the boxer was his chosen modus operandi.

There is no merit to defendant's challenge to the sufficiency and weight of the evidence supporting one of his attempted rape convictions (*see People v Pereau*, 64 NY2d 1055 [1985]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Mazzarelli, Gonzalez, Sweeny and Catterson, JJ.