Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 6, 2013, convicting defendant, after a jury trial, of aggravated vehicular assault, assault in the second degree, criminal possession of a controlled substance in the seventh degree and resisting arrest, and sentencing him to an aggregate term of 7 to 15 years, unanimously affirmed.
*552 After appropriate warnings by the court, defendant abandoned his request to proceed pro se, and there was no violation of his right to represent himself (see People v Ramos, 35 AD3d 247 [1st Dept 2006], lv denied 8 NY3d 926 [2007]). As jury selection was about to begin, defendant made a request for substitution of counsel, which the court denied. When defendant then asked if he could go pro se, the court inquired of defendant as to his experience and education, and warned him of the disadvantages of self-representation, including the fact that an attorney would be more capable than a layperson of understanding the issues, cross-examining witnesses and dealing with evidence. The court ended the discussion by telling defendant to think about his choice over the weekend. Defendant never raised the issue again or expressed any further dissatisfaction with his attorney.
The record fails to support defendant’s contention that the court improperly frightened or coerced him into foregoing his right of self-representation. Instead, the court acted appropriately when it “warned defendant forcefully” of the risks of proceeding pro se (People v Vivenzio, 62 NY2d 775, 776 [1984]; see also People v Latimer, 220 AD2d 223 [1st Dept 1995], lv denied 87 NY2d 923 [1996]).
The court properly exercised its discretion when, rather than ruling immediately on the pro se request, it offered defendant time to think it over. By doing so, the court was exercising caution to ensure that any waiver by defendant of his right to counsel was knowing, intelligent and voluntary (see e.g. People v Moore, 126 AD3d 561 [1st Dept 2015]).
Concur — Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.