People v Johnson (2022 NY Slip Op 07033)

People v Johnson

2022 NY Slip Op 07033

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Ind. No. 4721/16, 887/17 Appeal No. 16867 Case No. 2018-03034 

[*1]The People of the State of New York, Respondent,
v
Brett Johnson Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Carola Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered December 14, 2017, as amended December 15, 2017, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the first degree (10 counts) and tampering with physical evidence, and sentencing him, as a second felony offender, to an aggregate term of 13 to 26 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently and that all sentences presently in excess of 3 to 6 years be reduced to 3 to 6 years, and otherwise affirmed.
Defendant was not deprived of his right to self-representation, because he did not make a clear and unequivocal request to represent himself (see People v LaValle, 3 NY3d 88, 106 [2004]), and ultimately chose to be represented by counsel. Defendant made reference to pro se status at various times during the proceedings. However, these references were in the context of, or overshadowed by, other complaints (see People v Payton, 45 NY2d 300, 314 [1978], revd on other grounds 445 US 573 [1980]), most notably a meritless claim that he was already representing himself because there was something defective about how his counsel had been appointed. Then, when the case proceeded to trial, and the court began an appropriate inquiry into defendant's understanding of the risks of self-representation (see People v Edwards, 129 AD3d 551 [1st Dept 2015], lv denied 26 NY3d 967 [2015]), defendant made equivocal statements about whether he still wished to proceed pro se, and finally agreed to continued representation by counsel.
The court was not obligated to assign new counsel. Defendant did not move to have counsel relieved, and, in any event, he did not demonstrate good cause for a substitution (see People v Sides, 75 NY2d 822, 824 [1990]).
We reject defendant's claim that his conviction relating to one of the incidents in question was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Initially, we find no basis to disturb the jury's credibility determinations. Although in this incident a counterfeit bill was not discovered until the day after defendant allegedly used it to buy coffee, the evidence, viewed as a whole, amply supports the conclusion that defendant had possessed it. Defendant did not preserve his related challenge to the admissibility of certain videotapes, and we decline to review it in the interest of justice. As an alternate holding, we find this claim unavailing.
The trial court's ruling on the extent to which the People opened the door to additional cross-examination of a testifying officer about civil actions against him was a provident exercise of discretion. Although the court should not have granted the People's request for a missing witness charge regarding defendant's cousin, as there was no evidence that the cousin was within defendant's control, the error was harmless.
The suppression [*2]claim made in defendant's pro se brief is unavailing, and his remaining pro se claims are unreviewable or otherwise not cognizable on appeal.
We find the sentence excessive, and the People agree to a reduction of sentence, to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022