THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT BROWN, Appellant.

First Department, February 20, 1975.

*Stephan H. Peskin* of counsel (*Rothblatt, Rothblatt, Seijas & Peskin,* attorneys), for appellant.

*Jane Bilus Gould* of counsel (*Jo-Lynne Lee* with her on the brief; *Mario Merola, District Attorney*), for respondent.

*Per Curiam.* In affirming this plea of guilty, we note that following the warrant search, the defendant was apprehended along with four other persons on the premises, wherein there were also found 147 grams of cocaine, 1 and 6/7 pounds of heroin,

two .38 caliber pistols, various drug paraphernalia, and $4,775 in United States currency. And we find that there was probable cause for the issuance of the warrant and substantial compliance with CPL article 690, permitting a "no knock" entry and an "anytime" execution of the warrant. The information, leading to the issuance of the warrant, was trustworthy since the informant had been previously present in the apartment and had rendered original knowledge that a drug "mill" was in operation on the premises. (*People v. Hendricks,* 25 N Y 2d 129; *People v. Powell,* 36 A D 2d 177.) And the issuing Judge (HILDA SCHWARTZ, J.) made manifest that the court was satisfied that the informant had come by his knowledge in a reliable manner. (*People v. Wheatman,* 29 N Y 2d 337, 345.)

Further, since the court had been apprised of the fact that there were guns in the apartment, there was a demonstrated necessity for a "no knock" entry pursuant to CPL 690.35 (subd. 3, par. [b]). And, since a "mill" operation had been described, the court properly issued a warrant authorizing "anytime" or "forthwith" execution of the warrant, valid within the 10-day statutory time limit, which was observed by the officers. Thus, we perceive no reason for disturbing the defendant's plea of guilt.

The judgment convicting defendant of the crime of criminal possession of a dangerous drug in the fourth degree should be affirmed.

KUPFERMAN, J. (concurring). It is hard to conceive of a more rational approach protective of personal rights with respect to the issuance of a warrant than to have oral testimony by a police officer before a Supreme Court Justice, with his informant present. (Cf. *People v. Mercado,* 45 A D 2d 699.) Further, we have the conclusion of the Justice that she considers the informant reliable and the information valid.

For analogy, in the area of motion picture obscenity, a view by the court is a proper basis for a warrant where *both* First and Fourth Amendment rights are involved. (*Heller v. New York,* 413 U. S. 483; see *Lee Art Theatre v. Virginia,* 392 U. S. 636, 637; *People v. Lubie,* 70 Misc 2d 713; *People v. P. A. J. Theater Corp.,* 66 Misc 2d 373, 376; *People v. Shiffrin,* 64 Misc 2d 311; and see *G. I. Distrs. v. Murphy,* 469 F. 2d 752, 754, n. 4 vacated and remanded 413 U. S. 913, on remand 490 F. 2d 1167, cert. den. 416 U. S. 939.) See, also, Note, "The Prior Adversary Hearing: Solution to Procedural Due Process Problems in Obscenity Seizures", 46 N. Y. U. L. Rev. 80 and especially at

*83 et seq.* '' Development of the First and Fourth Amendment Approaches ''.

Murphy, J. (dissenting). Defendant's conviction rests on the validity of the search warrant; and since I believe it was improperly granted, I vote to reverse the judgment on appeal.

On September 20, 1972, a police officer, accompanied by a '' registered '' confidential informant, appeared before Supreme Court Justice Schwartz to obtain a warrant authorizing a search of a certain specified apartment. In lieu of a written application, as required by statute (CPL 690.35, subd. 1), the officer was permitted to testify orally, under oath, with regard to certain information furnished by said informant. According to the officer, the informant had been in the particular apartment in issue on two occasions (the second at 4 A.M. on the morning of the application) and had observed several persons engaged in the packaging of narcotics. The informant had also viewed two pistols in plain view on an adjacent table.

The informant, though present, did not testify. However, it appears that Justice Schwartz spoke to him '' off the record '', after which she observed: '' I have heard the informer and after hearing the officer the information tallies and I consider that he's reliable.''

Justice Schwartz thereupon granted the warrant which, without specific request or proper foundation laid therefor, was made executable at any time of the day or night and authorized the executing officer to enter the premises designated without giving notice of his authority or purpose (CPL 690.35, subd. 3). The warrant was actually executed seven days later and a quantity of narcotics and two pistols found on the premises.

Defendant's motion to controvert the warrant was denied, without a hearing; after which he pleaded guilty to criminal possession of a dangerous drug in the fourth degree.

It is, of course, axiomatic that a conviction cannot be predicated on what an illegal search reveals (cf. *People v. Malinsky*, 15 N Y 2d 86), since the exclusionary rule covers the fruits of such an unlawful act (*People v. Rodriguez*, 11 N Y 2d 279, 286).

While I have grave doubts as to the validity of the warrant (particularly the '' anytime '' and '' no-knock '' provisions thereof) because of the procedural deficiencies alluded to above, I believe the motion to controvert it and to suppress the evidence obtained thereunder should have been granted for a more fundamental reason: it was based upon sworn testimony which relied on information received from an undisclosed informant

whose reliability was never established. (*Aguilar* v. *Texas,* 378 U. S. 108; *Spinelli* v. *United States,* 393 U. S. 410.)

Our Court of Appeals has described the two-pronged test laid down in the above-cited cases as requiring a proper showing that: (a) "the informant is in fact reliable" and (b) "the underlying circumstances as to how the informant came by his information demonstrate sufficient probability of credibility to allow the search of the premises or person in question." (*People* v. *Hendricks,* 25 N Y 2d 129, 133.)

The second prong of the test is not seriously challenged here because the informant claimed to speak from first-hand knowledge. (Cf. *People* v. *Munger,* 24 N Y 2d 445.) But appellant is persuasive in contending that the first prong of said test — the informant's reliability — has not been met since the prosecution failed to establish: that the informant was previously known to the testifying officer and had in the past furnished information leading to the arrest or conviction of others; or that there had been a separate objective check of the informant's report; or that Justice Schwartz properly relied on such information because it had been given under oath, or against penal interest, or was confirmed by other informants. (*People* v. *Hendricks, supra; People* v. *Wheatman,* 29 N Y 2d 337.)

Finally, on the limited issue presented, I would give no weight to Justice Schwartz's *in camera* discussion with the informant. Her conclusion, after such inquiry, that his information "tallies" with that of the officer merely confirmed the existence of the informer (cf. *People* v. *Darden,* 34 N Y 2d 177) and established the credibility of the police officer; but not the reliability of the informant.

Accordingly, the judgment of conviction should be reversed and vacated, the order denying defendant's motion to controvert the warrant should be reversed and granted and the matter remanded to Criminal Term for further proceedings.

McGivern, P. J., and Lupiano, J., concur in *Per Curiam* opinion; Kupferman, J., concurs in an opinion; Murphy, J., dissents in an opinion.

Judgment, Supreme Court, Bronx County, rendered on July 31, 1973, affirmed.