■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL BELLE, Appellant. [715 NYS2d 701] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered November 10, 1998, convicting defendant, after a jury trial, of robbery in the first degree (eleven counts), attempted robbery in the first degree, burglary in the second degree (seven counts), rape in the first degree, sexual abuse in the first degree, attempted rape in the first degree, attempted sodomy in the second degree, and grand larceny in the third degree, and sentencing him, as a second violent felony offender, to twelve terms of 25 years, three terms of 15 years, and one term of 7 years, all to run consecutively with each other and concurrently with seven concurrent terms of 15 years and a concurrent term of 3½ to 7 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's challenges for cause to two prospective jurors and his request for reopening of voir dire of another (*see, People v Johnson*, 94 NY2d 600; *People v Torpey*, 63 NY2d 361). The prospective juror whose friend had been a victim of sexual assault did not express any doubt about her ability to be fair and impartial. While the second prospective juror appeared to have gained an unfavorable impression from the fact that defendant was accused of seven incidents of robbery, his subsequent assurances concerning the presumption of innocence and the People's burden of proof beyond a reasonable doubt adequately purged any possible bias. Defendant had ample opportunity to question the third prospective juror prior to the exercise of challenges, and nothing in her responses warranted reopening of voir dire.

Defendant's claim that his sentence is the product of improper procedure is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it unsupported by the record. We perceive no abuse of sentencing discretion. Defendant's reliance upon Penal Law § 70.30 (1) (c) (iii) as authority that his sentence of 352 years is illegal and must be reduced is misplaced as this provision requires action by the Department of Correctional Services, not by this Court (*People v Phillips*, 265 AD2d 237, *lv denied* 94 NY2d 906; *People v Scarola*, 186 AD2d 78, *lv denied* 81 NY2d

847). Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.