■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILSON, Appellant. [719 NYS2d 555] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered January 22, 1999, convicting defendant, after a jury trial, of two counts of assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 21 years, unanimously affirmed.

The court properly denied defendant's motion to suppress a statement, since the record supports the court's findings that the statement was spontaneous and not the product of interrogation requiring *Miranda* warnings. Taken in context, the detective's declarative statement to defendant, to wit, "You're in a lot of trouble," was not reasonably likely to elicit an incriminating response (*see, People v Rivers*, 56 NY2d 476, 480; *People v Ealey*, 272 AD2d 269, *lv denied* 95 NY2d 865). On the contrary, this comment was part of a conversation, initiated by defendant, in which defendant was expressing his expectation of prompt release from custody and impatiently demanding that the detective accelerate pre-arraignment processing. The detective's comment was actually part of an effort to discourage defendant's agitated outbursts (*see, People v Lynes*, 49 NY2d 286, 294-295).

The court properly exercised its discretion in admitting evidence of uncharged crimes, since the prior, closely related incident between defendant and the complainant, his former girlfriend, was probative of defendant's motive to assault her and served as background information concerning their relationship, serving to complete the narrative (*see, People v Angel*, 238 AD2d 210, *lv denied* 90 NY2d 1009). The court properly found that the evidence was more probative than prejudicial.

The court properly denied defendant's application for a mistrial concerning testimony about the uncharged crimes that exceeded the boundaries of the court's prior ruling. The additional details were still more probative than prejudicial. In any event, it would have sufficed under the circumstances to strike the offending testimony and issue curative instructions, but defendant declined the court's offer to do so.

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reduction of sentence. Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.