■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OQUENDO, Appellant. [963 NYS2d 71]—

Judgment, Supreme Court, Bronx County (Eugene Oliver, J.), rendered September 16, 2011, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of six years, to be followed by five years of postrelease supervision, unanimously affirmed.

We find that defendant's purported waiver of his right to appeal was invalid. At the plea proceeding, the court told defendant that the promised sentence would be six years of incarceration, with five years of postrelease supervision, and that the waiver of appeal was part of the sentence. Other than this brief reference, the court said nothing more about the appellate waiver. Defendant also executed a written waiver of appeal.

A waiver of the right to appeal is effective " 'only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily' " (*People v Bradshaw*, 18 NY3d 257, 259 [2011], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]). Although a court need not engage in any particular catechism to find a valid appeal waiver, it must make certain that the defendant has "a full appreciation of the consequences of [the] waiver" (*Bradshaw*, 18 NY3d at 264 [internal quotation marks omitted]). A necessary component of a knowing and voluntary appeal waiver is evidence that "the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256).

We conclude that defendant here did not knowingly, voluntar-

ily, and intelligently waive his appellate rights. The court made only a fleeting reference to the appeal waiver, and included it in the description of defendant's sentence. By conflating the waiver of appeal with the sentence to be imposed, the court failed to adequately ensure that defendant had a "full appreciation of the consequences of [the] waiver" (*Bradshaw*, 18 NY3d at 264 [internal quotation marks omitted]), and that he was giving up something more than what is ordinarily forfeited upon a guilty plea (*see Lopez*, 6 NY3d at 256).

Although defendant did sign a waiver of his right to appeal, "a written waiver is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right" (*People v Bradshaw*, 76 AD3d 566, 569 [2d Dept 2010], *affd* 18 NY3d 257 [2011]). Moreover, here, the written waiver form states that the court had advised defendant of the nature of the appellate rights being waived. The record of the proceedings, however, contains no such statements by the court. Under these circumstances, there is an insufficient basis to conclude that defendant's purported waiver was knowing, voluntary and intelligent (*see People v Elmer*, 19 NY3d 501, 510 [2012]).

We note that litigation over the validity of appeal waivers, which arises regularly from many courts, can best be avoided if trial judges separately allocute defendants on the waiver of the right to appeal (*see People v Braithwaite*, 73 AD3d 656, 657 [1st Dept 2010], *lv denied* 15 NY3d 849 [2010]). We again remind the courts that the better practice is to secure a written waiver, along with a thorough colloquy to ensure the defendant's understanding of its contents (*id.*). It would be best if the court made clear that this is a separate and important right being waived, and that by signing the waiver, the plea and sentence are final, and the defendant agrees to accept the sentence imposed. The court cannot rely solely on defense counsel to explain the significance of the written waiver.

Although we find that defendant's waiver of the right to appeal was invalid, we perceive no basis for reducing the sentence. This is defendant's third felony conviction, and the sentence imposed was well below the sentence defendant would have faced had he been found guilty at trial. Concur—Friedman, J.P., Moskowitz, Degrasse, Richter and Gische, JJ.