■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. JACKSON, Appellant. [979 NYS2d 704]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered September 8, 2011, convicting him of robbery in the first degree and kidnapping in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly or voluntarily entered is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise the issue in the County Court (*see* CPL 470.05 [2]; *People v Folger*, 110 AD3d 736 [2013]; *People v Nugent*, 109 AD3d 625 [2013]; *cf. People v Tyrell*, 22 NY3d 359 [2013]). In any event, the contention is without merit. Although the defendant was not advised by the County Court of each of the federal constitutional rights he was waiving by pleading guilty, a plea of guilty

"will not be invalidated 'solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea' "(*People v Tyrell,* 22 NY3d at 365, quoting *People v Harris,* 61 NY2d 9, 16 [1983]). Here, since the defendant was expressly advised by the County Court that a plea of guilty involved the waiver of certain constitutional rights, and in light of the defendant's background, the rationality of the plea, and the other assurances of voluntariness provided on the record, the record as a whole reflected a knowing and voluntary plea of guilty and waiver of constitutional rights (*see People v Harris,* 61 NY2d at 21-22; *People v Sargent,* 100 AD2d 978 [1984]; *People v Mitchell,* 121 AD2d 403 [1986]).

Contrary to the People's contention, the defendant's challenge to his adjudication as a second felony offender is not precluded by his purported waiver of his right to appeal since that waiver was invalid (*see People v Elmer,* 19 NY3d 501 [2012]; *People v Salgado,* 111 AD3d 859 [2013]; *People v Oquendo,* 105 AD3d 447, 447-448 [2013]; *People v Grant,* 83 AD3d 862, 863 [2011]). During the plea proceeding, the defendant was merely told by the County Court that it "want[ed]" him to waive his right to appeal and that, after sentencing, the case would be over (*see People v Boustani,* 300 AD2d 313, 314 [2002] ["bare inquiry" that defendant understood that he was waiving his right to appeal was insufficient to produce a valid waiver]; *see also People v Salgado,* 111 AD3d at 859 ["terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal"]; *People v Nugent,* 109 AD3d at 625-626; *People v Gheradi,* 68 AD3d 892, 893 [2009]). Further, the court's statement—"do you understand that when I sentence you, I want you to give up or waive your right to appeal"—failed to make clear that the waiver of the right to appeal was a condition imposed by the *plea agreement,* and one to which the defendant was voluntarily agreeing (*see People v Oquendo,* 105 AD3d at 447-448 ["By conflating the waiver of appeal with the sentence to be imposed, the court failed to adequately ensure that defendant had a 'full appreciation of the consequences of (the) waiver' "]). Lastly, the defendant's written waiver did not cure the defects in the oral colloquy. To the contrary, it is not clear from this record that the defendant, who did not personally sign the waiver, even read the waiver, discussed it with counsel, or was aware of its contents (*see People v Callahan,* 80 NY2d 273, 283 [1992]; *People v Elmer,* 19 NY3d 501 [2012]; *People v Grant,* 83 AD3d 862, 863 [2011]; *People v McCaskell,* 206 AD2d 547, 548 [1994]). Moreover, the waiver did not contain any explanation of the nature of the right to appeal

or the consequences of waiving it. Rather, it stated that the court and defense counsel had explained the right to appeal to the defendant, a representation that was contradicted by the oral colloquy.

Nevertheless, the defendant's contention that he was improperly adjudicated a second felony offender is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Jackson*, 111 AD3d 960 [2013]) and, in any event, is without merit. The County Court's failure to specifically ask the defendant if he wished to controvert the allegations in the predicate felony statement (*see* CPL 400.21 [3]) was harmless, as the defendant "admitted he was the person convicted of the prior felony, there is no indication that the defendant intended to claim that his prior conviction was unconstitutionally obtained, and he has not alleged any grounds to controvert the predicate felony statement" (*People v Flores*, 40 AD3d 876, 878 [2007]; *see People v Sanabria*, 110 AD3d 1012 [2013]; *People v Chase*, 101 AD3d 1141 [2012]; *People v McAllister*, 47 AD3d 731 [2008]; *People v Alston*, 289 AD2d 339 [2001]).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit. Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.