■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATALIA SANTIAGO, Appellant. [990 NYS2d 494]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered May 10, 2012, convicting defendant, upon her plea of guilty, of two counts of attempted robbery in the second degree, and sentencing her to concurrent terms of three years, to be followed by three years of postrelease supervision, unanimously affirmed.

We find that defendant's purported waiver of her right to appeal was invalid inasmuch as the court did not tell defendant that her right to appeal was separate and distinct from her trial rights, which were automatically forfeited upon her plea of guilty (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Williams*, 59 AD3d 339, 341 [1st Dept 2009], *lv denied* 12 NY3d 861 [2009]). Rather, the court asserted that "in the specific circumstances of this particular case" she was agreeing "not to make an appeal" (*see People v Oquendo*, 105 AD3d 447 [1st Dept 2013], *lv denied* 21 NY3d 1007 [2013] [the defendant's purported waiver of right to appeal was invalid where the court failed to ensure adequately that he understood that the right to appeal was separate and distinct from those rights automatically forfeited upon a guilty plea]).

In addition, we agree with defendant that the clause in the waiver agreement that purportedly treats the filing of a notice of appeal by defendant as a motion to vacate the judgment to be unenforceable. Specifically, the waiver form included the following clause: "If the defendant or the defendant's attorney files a notice of appeal that is not limited by a statement to the effect that the appeal is solely with respect to a constitutional speedy trial claim or legality of the sentence, they agree that the District Attorney and or Court may deemed such filing to be a motion by the defendant to vacate the conviction and sentence, and will result, upon the application and consent of the District Attorney, in the plea and sentence being vacated and this indictment being restored to its pre-pleading status." This clause is unenforceable because there is no statutory authority to vacate a judgment under these circumstances (CPL 440.10; *People v Moquin*, 77 NY2d 449, 452 [1991]; *see also Matter of Kisloff v Covington*, 73 NY2d 445, 450 [1989] [confining the court's authority to vacate a plea or sentence after judgment has been entered over the defendant's objection to clerical errors and fraud]).

Further, this language discourages defendants from filing no-

tices of appeal even when they have claims that cannot be waived, such as one concerning the lawfulness of the waiver or the plea agreement itself. "[A]n agreement to waive appeal does not foreclose appellate review in all situations" (*People v Callahan*, 80 NY2d 273, 284 [1992]). If the agreement to waive were itself sufficient to foreclose appellate review, "the court would then be deprived of the very jurisdictional predicate it needs as a vehicle for reviewing the issues that survive the waiver" (*id.*). The language in the written waiver, in essence, purports to prevent appellate claims that have been found by the courts to be "unwaivable" precisely because of their constitutional import (*see People v Seaberg*, 74 NY2d 1, 9 [1989] [finding unwaivable interests implicating "society's interest in the integrity of (the) criminal process," such as the defendant's competency or the knowing nature of the plea]).

Although we find that defendant's waiver of the right to appeal was invalid, we perceive no basis for reducing the sentence. Concur—Acosta, J.P., Moskowitz, Freedman and Feinman, JJ.