THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIPOLITO RAMOS, Appellant. [12 NYS3d 85]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered September 15, 2011, as amended September 30, 2011, convicting defendant, upon his plea of guilty, of rape in the third degree, and sentencing him to a term of 1½ years, with five years' postrelease supervision, unanimously affirmed. Order, same court and Justice, entered on or about February 2, 2012, which adjudicated defendant a level three sex offender

pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Although defendant's waiver of his right to appeal from the judgment was invalid (see People v Santiago, 119 AD3d 484 [1st Dept 2014], lv denied 24 NY3d 964 [2014]; People v Oquendo, 105 AD3d 447, 448 [1st Dept 2013], lv denied 21 NY3d 1007 [2013]), we perceive no basis for reducing the sentence.

As for defendant's civil appeal from his sex offender adjudication, we find that clear and convincing evidence supported the court's assessment of 10 points under the risk factor for failure to accept responsibility, based on defendant's statements that "tended to minimize his guilt" (People v Hernandez, 117 AD3d 524, 524 [1st Dept 2014], lv denied 24 NY3d 902 [2014]), regardless of whether these statements asserted any defense to the rape charge.

Defendant failed to preserve his arguments that the court should not have assessed 10 points under the risk factor for forcible compulsion, and that the court failed to state a finding on the risk factor for drug or alcohol abuse, under which the court did not assess any points, and we decline to review those arguments in the interest of justice. In any event, we find that they are without merit.

The court providently exercised its discretion in departing upwardly from defendant's presumptive risk level two to level three, based on the seriousness of defendant's course of conduct against the victim, his numerous other convictions, his failure to participate in a mandatory batterers' program, and his violation of an order of protection pertaining to the victim of the underlying offense. These factors were not adequately taken into account by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861 [2014]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.