(June 2, 2016)

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL POWELL, Appellant. [30 NYS3d 873]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered April 30, 2014, as amended June 10, 2014, convicting defendant, upon his plea of guilty, of attempted promotion of prison contraband in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The written waiver of appeal signed by defendant, insofar as it expressly "waives any and all rights to appeal *including the right to file a notice of appeal*" (emphasis added) is unenforceable (*see People v Santiago*, 119 AD3d 484 [1st Dept 2014], *lv denied* 24 NY3d 964 [2014]). Even though the waiver permits the filing of a notice of appeal for constitutional speedy trial claims or challenges to the legality of the sentence, it still "discourages defendants from filing notices of appeal even when they have claims that cannot be waived, such as one concerning the lawfulness of the waiver or the plea agreement itself" (*id.* at 485-486).

We find that the court properly denied, without a hearing, defendant's motion to suppress contraband found in his waistband while he was a Rikers Island inmate awaiting trial. Given the limited privacy rights of inmates, including pretrial detainees (*see Florence v Board of Chosen Freeholders of County of Burlington*, 566 US —, 132 S Ct 1510 [2012]; *Bell v Wolfish*, 441 US 520, 557 [1979]), defendant did not set forth any basis for suppression (*see People v Mendoza*, 50 AD3d 478 [1st Dept

2008], *lv denied* 11 NY3d 739 [2008]). This was the fair import of the court's decision (*see People v Nicholson*, 26 NY3d 813 [2016]), and we reject defendant's arguments concerning the scope of our review. Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.