■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUANEL MILLER, Appellant. [45 NYS3d 405]—

Judgment, Supreme Court, Bronx County (Patricia DiMango, J.), rendered March 26, 2013, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree and robbery in the third degree, and sentencing him to an aggregate term of seven years, unanimously modified, on the law, to the extent of reducing the amounts of the mandatory surcharge to $250 and the crime victim assistance fee to $20, respectively, and otherwise affirmed.

Defendant's challenges to his plea do not come within the narrow exception to the preservation requirement (*see People v Williams*, 27 NY3d 212 [2016]; *People v Conceicao*, 26 NY3d 375, 382 [2015]), and we decline to review them in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made (*see generally People v Fiumefreddo*, 82 NY2d 536, 544 [1993]). Although the court made a remark that defendant characterizes as threatening, this remark, when viewed in context, was merely a reference to the coincidence that defendant had also appeared before the same Justice on a case in Kings County Supreme Court, where the Justice had previously been assigned. There is no reasonable possibility that this remark, or any other remarks challenged by defendant on appeal, could have coerced defendant into taking the plea. Furthermore, when defendant initially denied that he had forcibly stolen the victim's property, the court conducted a

suitable further inquiry. After defendant conferred with his attorney, he admitted that he had forcibly stolen property.

Although we do not find that defendant made a valid waiver of the right to appeal (*see People v Powell*, 140 AD3d 401 [1st Dept 2016]), we perceive no basis for reducing the sentence.

As the People concede, since defendant committed the instant crime prior to the effective dates of statutory amendments increasing the mandatory surcharge and crime victim assistance fees, defendant's sentence is unlawful to the extent indicated. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.