■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VIDRO, Appellant. [65 NYS3d 507]—

Judgments, Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered February 23, 2015, as amended March 5, 2015, convicting defendant, upon his pleas of guilty, of rape in the first degree, assault in the second degree and grand larceny in the fourth degree, and sentencing him to an aggregate term of 11 years, with an aggregate term of 20 years of postrelease supervision, unanimously affirmed.

The court lawfully imposed consecutive sentences. Although defendant is correct that his terms of postrelease supervision merge by operation of law, resulting in an actual aggregate term of 18½ years, and requiring the correctional authorities to compute his sentence accordingly (see Penal Law § 70.45 [5] [c]), this does not render the sentence illegal (People v Moore, 61 NY2d 575, 578 [1984]), or require any action by this Court (see e.g. People v Belle, 277 AD2d 143 [1st Dept 2000], lv denied 96 NY2d 780 [2001]).

Defendant validly waived his right to appeal, foreclosing review of his claim that the sentence is excessive. The court's oral colloquy with defendant concerning the appeal waiver carefully separated the right to appeal from the rights normally forfeited by pleading guilty (see People v Bryant, 28 NY3d 1094 [2016]). Defendant also signed a written waiver, from which the court excised the language that has been held to be unenforceable (see People v Powell, 140 AD3d 401 [1st Dept 2016], lv denied 28 NY3d 1074 [2016]; People v Santiago, 119 AD3d 484 [1st Dept 2014], lv denied 24 NY3d 964 [2014]). In any event, regardless of whether defendant made a valid waiver of the right to appeal, we perceive no basis for reducing the sentence. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.