People v Thomas (2018 NY Slip Op 00635)





People v Thomas


2018 NY Slip Op 00635


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


5607 2760/15

[*1]The People of the State of New York, Respondent,
v
Victor Thomas, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), and White & Case, LLP, New York (Louis O'Neill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Samuel L. Yellen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (April A. Newbauer, J. at hearing; Michael A. Gross, J. at plea and sentencing), rendered August 24, 2016, as amended October 20, 2016, convicting defendant, upon his plea of guilty, of attempted assault in the first degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.
Defendant made a valid general waiver of his right to appeal, which encompassed his suppression claims (see People v Kemp, 94 NY2d 831 [1999]). The court's on-the-record explanation of the appeal waiver "was sufficient because the right to appeal was adequately described without lumping it into the panoply of rights normally forfeited upon a guilty plea" (People v Sanders, 25 NY3d 337, 341 [2015]; see also People v Bryant, 28 NY3d 1094 [2016]). The written waiver properly supplemented the court's oral explanation, and did not contain any language this Court has previously found to be unenforceable, or that would otherwise require the invalidation of the waiver. There was no language that "discourages defendants from filing notices of appeal even when they have claims that cannot be waived, such as one concerning the lawfulness of the waiver or the plea agreement itself" (People v Santiago, 119 AD3d 484, 485-486 [1st Dept 2014], lv denied 24 NY3d 964 [2014]). On the contrary, unlike the form used in People v Powell (140 AD3d 401 [1st Dept 2016], lv denied 28 NY3d 1074 [2016]), the form did not limit the unwaived issues to constitutional speedy trial and legality of sentencing, but expressly stated that defendant could raise on appeal "the voluntariness of this appeal and waiver." Furthermore, the form here did not contain anything to suggest that the filing of a notice of appeal could be deemed a motion to vacate, or that it would have any other unwanted consequences (see Santiago, 119 AD3d at 485).
Regardless of whether defendant made a valid waiver of his right to appeal, we find that the hearing court properly denied defendant's suppression motion. The record supports the court's finding that defendant's statement was spontaneous and was not the product of interrogation requiring Miranda warnings. A detective's act of showing defendant an [*2]incriminating photograph was, under the circumstances, a permissible response under People v Rivers (56 NY2d 476, 480 [1982]) to defendant's demand to know why he was being arrested (see People v Wilson, 279 AD2d 381 [1st Dept 2001], lv denied 96 NY2d 869 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK