People v Castro (2018 NY Slip Op 07678)





People v Castro


2018 NY Slip Op 07678


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Renwick, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


7603 2922/11

[*1]The People of the State of New York, Respondent,
v
George Castro, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered September 24, 2012, convicting defendant, after a jury trial, of grand larceny in the first degree, criminal possession of stolen property in the first degree and money laundering in the first degree, and sentencing him to an aggregate term of 7 to 21 years, unanimously affirmed.
The court properly denied defendant's motion to suppress statements. Although defendant was in custody and had not yet received Miranda warnings, the record supports the hearing court's finding that the statement defendant made in a car on the way to the District Attorney's office was spontaneous and not the product of interrogation or its functional equivalent. The investigator's brief declarative statement about the seriousness of defendant's situation neither called for a response nor was reasonably likely to elicit one (see e.g. People v Huffman, 61 NY2d 795, 797 [1984]; People v Wilson, 279 AD2d 381 [1st Dept 2001], lv denied 96 NY2d 869 [2001]). Moreover, the investigator specifically told defendant that discussion of the case would be deferred until they arrived at the office, and defendant remained silent for 5 to 10 minutes before spontaneously making his statement. Accordingly, there was also no basis to suppress defendant's post-Miranda statements.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). As we concluded on a codefendant's appeal, "[i]t is a reasonable inference, from the totality of the circumstances, that defendant knew the large sums of money coming into an account under his control could not have had any legitimate origin," and defendant's "overall course of conduct, including his use of the funds, had no reasonable innocent explanation" (People v Stephens, 118 AD3d 455, 455 [1st Dept 2014], lv denied 24 NY3d 1005 [2014]). Although this defendant, unlike codefendant Stephens, testified in his own defense, there is no basis for disturbing the jury's credibility determination rejecting that testimony.
Defendant's claim that he was denied a fair trial because his jointly tried codefendants asserted antagonistic defenses to his own is unpreserved because he failed to move for severance or join in a codefendant's unsuccessful severance motion, and we decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits (see generally People v Mahboubian, 74 NY2d 174 [1989]). The defenses were not so irreconcilable as to require separate trials, and the joint trial did not deprive defendant of a fair trial or result in the receipt of evidence prejudicial to defendant that would have been inadmissible at a separate trial.
Defendant likewise failed to preserve his arguments concerning a cross-examination conducted by a jointly tried codefendant, including his constitutional claims, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's reasons for declining to make a severance motion (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 [*2]NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that the absence of a severance motion lacked any strategic explanation or was objectively unreasonable, that defendant was actually entitled to a severance, or that a severance, even if granted, would have affected the fairness or outcome of the trial (see People v Castillo, 29 NY3d 935 [2017]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK