People v Romanowski (2021 NY Slip Op 04321)





People v Romanowski


2021 NY Slip Op 04321


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1147 KA 18-00338

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL ROMANOWSKI, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (ROBERT R. CALLI, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered October 11, 2017. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Preliminarily, we agree with defendant that he did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Powell, 140 AD3d 401, 401 [1st Dept 2016], lv denied 28 NY3d 1074 [2016]).
Defendant contends that County Court improperly denied his purported request to represent himself. Even assuming, arguendo, that defendant's contention survives his guilty plea (see People v Best, 186 AD3d 845, 846 [2d Dept 2020], appeal dismissed 36 NY3d 926 [2020]), we reject it on the merits because he did not " 'clearly and unconditionally' " seek to proceed pro se (People v LaValle, 3 NY3d 88, 106 [2004]; see People v Ramos, 35 AD3d 247, 247 [1st Dept 2006], lv denied 8 NY3d 926 [2007]). Rather, defendant merely noted the existence of his right to represent himself. Noting the existence of a right is not equivalent to invoking that right, and given that defendant never actually invoked his right to represent himself, the court had no obligation to conduct "a full inquiry . . . as to whether it should permit him to proceed pro se" (People v Richards, 118 AD3d 599, 600 [1st Dept 2014], lv denied 24 NY3d 1088 [2014]; see People v Johnson, 55 AD3d 328, 328 [1st Dept 2008], lv denied 11 NY3d 926 [2009]).
Defendant further contends that defense counsel was ineffective for failing to craft a successful motion to dismiss the indictment under CPL 190.50 (5). To the extent it survives the guilty plea, we reject defendant's contention because he "failed to establish that a successful motion [on that basis] could have been made under these circumstances" (People v Simpson, 173 AD3d 1617, 1620 [4th Dept 2019], lv denied 34 NY3d 954 [2019]; see People v Larkins, 153 AD3d 1584, 1586 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]).
To the extent that consecutive sentencing was not mandated by Penal Law § 70.25 (2-a), we reject defendant's argument that his statutory minimum sentence is unduly harsh or severe insofar as it runs consecutively to his prior undischarged sentence or sentences (see People v Nunez, 160 AD3d 1225, 1227 [3d Dept 2018]). Finally, defendant's claim that his sentence constitutes cruel and unusual punishment is unpreserved and, in any event, is without merit (see People v Verbitsky, 90 AD3d 1516, 1516 [4th Dept 2011], lv denied 19 NY3d 868 [2012]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court