People v Castro (2023 NY Slip Op 06452)

People v Castro

2023 NY Slip Op 06452

Decided on December 14, 2023

Appellate Division, First Department

WEBBER, J.P. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber
Anil C. Singh David Friedman Manuel Mendez LlinÉt M. Rosado

Ind. No. 938/13 Appeal No. 1075 Case No. 2013-02210 

[*1]The People of the State of New York, Respondent,
v
Raymond Castro, Defendant-Appellant.

Defendant appeals from a judgment of the Supreme Court, Bronx County (Michael Gross, J.), rendered April 18, 2013, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and imposing sentence.

Twyla Carter, The Legal Aid Society, New York (Denise Fabiano of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar and Rafael Curbelo of counsel), for respondent.

WEBBER, J.P. 

On April 18, 2013, defendant entered a plea of guilty to second-degree aggravated unlicensed operation of a motor vehicle. Specifically, he admitted that on or about January 23, 2013, he operated his motor vehicle with the knowledge that his license to operate a motor vehicle was suspended based upon his having accrued 10 or more suspensions on at least 10 or more separate dates for failure to answer, appear, or pay a fine.
On appeal, defendant argues, inter alia, that the Legislature's 2021 amendment to Vehicle and Traffic Law § 510(4-a), the Driver's License Suspension Reform Act (Vehicle and Traffic Law § 510[4-a], as amended by L 2020, ch 382, § 5) (DLSRA) applies retroactively and constitutes an appropriate ground to vacate his conviction. Defendant's arguments as to the applicability of the DLSRA appear to be matters of first impression before this Court.
As an initial matter, we find that defendant's waiver of his right to appeal was invalid (see People v Santiago, 119 AD3d 484 [1st Dept 2014], lv denied 24 NY3d 964 [2014]). Here, the written waiver of appeal contained language similar to that in Santiago which this Court specifically disapproved of as suggesting that the defendant was barred from even filing a notice of appeal (see id.). The People contend that because they did not enforce the language stating that defendant's appeal would be deemed a motion to vacate, the oral colloquy at the sentencing hearing cures the defect in the written waiver or otherwise renders defendant's waiver valid. This contention is without merit (see People v Davis, 151 AD3d 588, 588 [1st Dept 2017], lv denied 31 NY3d 1012 [2018]; People v Powell, 140 AD3d 401, 401 [1st Dept 2016], lv denied 28 NY3d 1074 [2016]; cf. People v Vidro, 155 AD3d 501, 501 [1st Dept 2017], lv denied 30 NY3d 1109 [2018] [finding that the defendant validly waived his right to appeal where "the court excised the language that has been held to be unenforceable"]).
In June 2021, New York enacted the DLSRA. The DLSRA provides, in pertinent part:
"the commissioner of motor vehicles shall terminate all suspensions of licenses, privileges to operate a motor vehicle and registrations based upon a failure to appear, answer, or pay a fine . . . in effect prior to the effective date of this section."
(L 2020, ch 382, § 7 [a]).
The DLSRA amended Vehicle and Traffic Law § 510(4-a) to remove the failure to pay a fine as a basis for the suspension of a driver's license (L 2020, ch 382, § 5). The Legislative intent was [*2]to lift suspensions of licenses and lessen the financial burdens on the defendants by structuring an affordable installment payment plan (see Assembly Mem in Support of 2019 NY Assembly Bill A07463B, enacted as L 2020, ch 382).
Nothing in the statutory language, which is the "clearest indicator of legislative intent" suggests that there was any intent to authorize the vacatur of convictions under Vehicle and Traffic Law § 511 that arose from license suspensions predicated on failures to pay a fine (People v Robinson, 95 NY2d 179, 182 [2000] [internal quotation marks omitted]). That the DLSRA amended Vehicle and Traffic Law § 1802 to provide for the postconviction relief of "installment payment plans" for fines, fees, and surcharges imposed for violation of traffic laws, is a further indicator that the vacatur of Vehicle and Traffic Law § 511 convictions wasnot intended (Vehicle and Traffic Law § 1802[2][a], as amended by L 2020, ch 382, § 3).
Even if the DLSRA can be read as providing grounds for the vacatur of Vehicle and Traffic Law § 511 convictions where the underlying suspension was based on a failure to pay a fine, such vacatur would not apply retroactively. Not only did the Legislature specifically decline to overturn or vacate prior convictions under Vehicle and Traffic Law § 511 where the suspension was for failing to pay a fine, the Legislature also did not include any statement mandating retroactive application for this nonexistent vacatur provision (see L 2020, ch 382).
Retroactive operation is "not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). "[U]nless the Legislature's preference for retroactivity is explicitly stated or clearly indicated" it is presumed the amendment to have prospective application (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]; accord Raparthi v Clark, 214 AD3d 613, 614 [1st Dept 2023]). The Legislature postponed the effective date of the DLSRA after its enactment, giving the commissioner of the Department of Motor Vehicles months after the bill was signed to carry out the statute's directive (L 2020, ch 382; see 2019 NY Senate-Assembly Bill S5348B, A07463B; 2021 NY Senate Bill S2558). This postponement constitutes "some evidence that the Legislature never intended [the DLSRA] to be retroactive" (Matter of Mulligan v Murphy, 14 NY2d 223, 226 [1964]; see also People v Duggins, 192 AD3d 191 [3d Dept 2021], lv denied 36 NY3d 1096 [2021]).
While "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (Matter of Gleason, 96 NY2d at 122), "[c]lassifying a statute as 'remedial' does not automatically overcome the strong presumption of prospectivity since the term may broadly encompass any attempt to supply some defect or abridge some superfluity in the former law" (Majewski, 91 NY2d [*3]at 584 [internal quotation marks omitted]). Here, as noted by the People, the DLSRA can be viewed as "ameliorative legislation"—in that it reduces a permissible punishment — only "involving the application of the new law to prosecutions before sentence" and therefore would not be applied retroactively (see e.g. People v Utsey, 7 NY3d 398, 403 n 4 [2006]; People v Behlog, 74 NY2d 237, 240 [1989]).
Even if it were determined that the DLSRA establishes grounds to vacate Vehicle and Traffic Law § 511 convictions, defendant cannot avail himself of such relief as he was convicted and sentenced some eight years prior to its enactment. Further, such an interpretation would be contrary to the long-standing proposition that that "once final judgment has been pronounced, a change in the law does not arrest or interfere with execution of the sentence"(People v Utsey, 7 NY3d at 404 [internal quotation marks omitted]; see People v Ramos, 202 AD3d 410, 413 [1st Dept 2022], lv denied 38 NY3d 953 [2022]; see also People v Walker, 81 NY2d 661 [1993]).
Absent extraordinary circumstances, we decline to vacate the conviction in the interest of justice (see People v Marshall, 106 AD3d 1, 11 [1st Dept 2013], lv denied 21 NY3d 1006 [2013]).
We perceive no basis for reducing the sentence.
Accordingly, the judgment of the Supreme Court, Bronx County (Michael Gross, J.), rendered April 18, 2013, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and sentencing him to a term of six months and a $1000 fine, should be affirmed.
Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered April 18, 2013, affirmed.
Opinion by Webber, J.P., All concur.
Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023