People v Maldonado (2024 NY Slip Op 04615)

People v Maldonado

2024 NY Slip Op 04615

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Ind No. 71803/22 Appeal No. 2636 Case No. 2022-04337 

[*1]The People of the State of New York, Respondent,
v
Christopher Maldonado, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Naita Semaj, J.), rendered September 28, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of nine months, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant's purported waiver of his right to appeal was invalid because the court did not tell defendant that his right to appeal was separate and distinct from his trial rights, which were automatically forfeited upon his plea of guilty (see People v Thomas, 34 NY3d 545, 561-562 [2019]; People v Lopez, 6 NY3d 248, 256-257 [2006]), and because the written waiver he signed contained language that this Court has repeatedly held to be incompatible with a knowing, intelligent, and voluntary waiver (see People v Santiago, 119 AD3d 484 [1st Dept. 2014], lv denied 24 NY3d 964 [2014]; People v Castro, 223 AD3d 20, 22 [1st Dept. 2023], lv denied 41 NY3d 964 [2024]).
However, defendant lacked standing to assert a Second Amendment challenge to the state's gun licensing scheme because he did not apply for a license (see People v Johnson, 225 AD3d 453 [1st Dept 2024]; United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). Moreover, his claim that an application would have been futile because he did not meet the minimum age requirement (see People v Velardo, 228 AD3d 520 [1st Dept. 2024], lv denied 42 NY3d 930 [2024]), is unpreserved (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that on the present record, defendant has failed to establish that the fourth-degree weapon possession statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024