People v Amparo (2025 NY Slip Op 00389)

People v Amparo

2025 NY Slip Op 00389

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Ind No. 74331/22 Appeal No. 3377 Case No. 2023-04182 

[*1]The People of the State of New York, Respondent,
v
Edwin Amparo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Connie Morales, J.), rendered July 17, 2023, convicting defendant, upon his plea of guilty, of auto stripping in the third degree, and sentencing him to three years' probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring that defendant consent to search by a probation officer of his person, vehicle, or place of abode for illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband, and otherwise affirmed.
We find defendant's appeal waiver invalid and unenforceable because the court did not adequately explain the nature of the appellate rights defendant was waiving, that the right to appeal was separate and distinct from the rights automatically forfeited upon a guilty plea or the limited claims that survive an appeal waiver (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Floyd, 220 AD3d 497 [1st Dept 2023]; People v Ramos, 122 AD3d 462, 464 [1st Dept 2014]). The written waiver of appeal defendant signed "[was] not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right" (People v Oquendo, 105 AD3d 447, 448 [1st Dept 2013] [internal quotation marks omitted], lv denied 21 NY3d 1007 [2013]). Although defendant's waiver of the right to appeal was invalid, defendant's sentence was not excessive. However, the special probation condition permitting warrantless searches of defendant's home, person and vehicle was not reasonably related to defendant's rehabilitation since the crime of which defendant was convicted did not involve weapons or drugs (People v Hall, 228 AD3d 466, 466-467 [1st Dept 2024]; People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Contrary to the People's contention, a defendant's challenge to the condition of probation requiring consent to searches of their person, vehicle and place of abode by a probation officer for drugs, drug paraphernalia, weapons and contraband would have survived the appeal waiver had it not been invalid (see People v Velardo, 228 AD3d 520, 521 [1st Dept 2024], lv denied 42 NY3d 930 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025