People v McCray (2025 NY Slip Op 01324)

People v McCray

2025 NY Slip Op 01324

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Ind. No. 70178/22|Appeal No. 3881|Case No. 2023-00147|

[*1]The People of the State of New York, Respondent,
v
Jeru McCray, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J. at motion to controvert search warrant; Neil E. Ross, J. at plea and sentencing), rendered December 13, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously affirmed.
Defendant's waiver of appeal was not knowing, intelligent and voluntary (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). At the oral colloquy the court merely asked defendant if he had reviewed and signed the written waiver, and asked him "did you place your signature here to indicate that you've read the document, that you understand the terms of the waiver of right to appeal, and that you're knowingly and voluntarily waiving your right to appeal?" The court did not ask any further questions that could verify that defendant understood what he was waiving. The court did not state that the right to appeal is separate and distinct from the trial rights defendant was waiving by taking a guilty plea, and it made no mention of appeal rights that survive a valid waiver. These errors, taken as a whole, could not be cured by a written waiver (People v Cisse, 228 AD3d 440, 441 [1st Dept 2024]; see People v Rochester, — AD3d &mdash, 2025 NY Slip Op 00640 [1st Dept 2025]; People v Amparo, — AD3d &mdash, 2025 NY Slip Op 00389 [1st Dept 2025]). However, we find that the court properly denied defendant's motion to controvert the search warrant because the no-knock provision was authorized based on sufficient information supporting the conclusion that defendant might be present with immediate access to firearms when the search warrant was executed (see People v Brown, 46 AD2d 590, 591 [1st Dept 1975], affd 40 NY2d 183 [1976]).
We have considered and rejected defendant's remaining arguments for affirmative relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025