■ LISA DIGREGORIO, Appellant, v MTA METRO-NORTH RAILROAD et al., Respondents. [35 NYS3d 11]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 11, 2014, which granted defendant MTA Metro-North Railroad's motion to dismiss the complaint as against it, unanimously affirmed, without costs.

Plaintiff's sole claim here against defendant Metro-North, her former employer, was made pursuant to section 75-b of the Civil Service Law (the whistle-blower statute) and may not be litigated in this forum. Because plaintiff was "subject to a collectively negotiated agreement which contains provisions preventing an employer from taking adverse personnel actions

and which contains a final and binding arbitration provision," she was required to bring her claim in arbitration instead of in court (Civil Service Law § 75-b [3] [b], [c]; *Obot v New York State Dept. of Correctional Servs.*, 256 AD2d 1089, 1090 [4th Dept 1998]; *Munafo v Metropolitan Transp. Auth.*, 2003 WL 21799913, \*31, 2003 US Dist LEXIS 13495, \*93-94 [ED NY, Jan. 22, 2003, Nos. 98 CV-4572 (ERK), 00-CV-0134 (ERK)]). There is no merit to plaintiff's contention that this argument should not have been considered because the relevant collective bargaining agreement was first submitted in reply. Although defendant did not attach the agreement to its moving papers, it argued from the beginning that plaintiff's claim had to be brought in arbitration, and plaintiff had a full and fair opportunity to respond to this argument. The agreement was appropriately submitted in response to arguments made in plaintiff's opposition (*see Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250, 251 [1st Dept 2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.