Kolchins v Evolution Mkts., Inc. (2020 NY Slip Op 02155)





Kolchins v Evolution Mkts., Inc.


2020 NY Slip Op 02155


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Richter, J.P., Oing, Moulton, González, JJ.


653536/12 11207 651271/13 11206

[*1]Andrew Kolchins, Plaintiff-Respondent,
v
Evolution Markets, Inc., Defendant-Appellant, Andrew Ertel, Defendant. [And Another Action]
Andrew Kolchins, Plaintiff-Appellant-Respondent,
v
Evolution Markets, Inc., Defendant-Respondent-Appellant, Andrew Ertel, Defendant-Respondent. [And Another Action]


Wechsler & Cohen, LLP, New York (David B. Wechsler of counsel), for appellant/respondent-appellant and respondent.
Debevoise & Plimpton LLP, New York (Jyotin Hamid of counsel), for
respondent/appellant-respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 2, 2019, which, to the extent appealed from, granted Andrew Kolchins (Kolchins), Titan Energy Markets, LLC (Titan), and John Dall's (Dall) motion for summary judgment dismissing the claims in Evolution Markets, Inc.'s (Evolution) second amended complaint (SAC) alleging that Kolchins breached the restrictive covenants in his 2009 employment agreement with Evolution; denied Evolution's cross motion for summary judgment on the SAC's claim alleging that Titan tortiously interfered with the 2009 employment agreement; denied Evolution's motion for summary judgment dismissing Kolchins's claim for breach of the 2009 employment agreement as extended by the purported "Extension Agreement"; and granted Evolution's motion for summary judgment dismissing Kolchins's claims for breach of the "Production Bonus" clause of the 2009 employment agreement and violation of Labor Law § 193, unanimously modified, on the law, to deny Evolution's motion as to Kolchins's claim for breach of the "Production Bonus" clause of the 2009 employment agreement, and otherwise affirmed, without costs. Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 6, 2019, which, to the extent appealed from, denied Evolution's motion to renew its motion for summary judgment dismissing Kolchins's claim for breach of the "Guaranteed Compensation" clause in the alleged "Extension Agreement," unanimously affirmed, without costs.
Kolchins's Labor Law § 193 claim was correctly dismissed, because Evolution's failure to pay the Production Bonus constitutes a "wholesale withholding of payment," which is not a "deduction" within the meaning Labor Law § 193 (Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449-450 [1st Dept 2017]).
The dismissal of the Labor Law § 193 claim does not necessitate dismissal of the Production Bonus claim. That Evolution did not violate Labor Law § 193 in withholding the Production Bonus has no bearing on its contractual obligation to pay the bonus (see e.g. Perella, 153 AD3d 443 [court correctly declined to dismiss contract claims while correctly dismissing Labor Law § 193 claims]).
On the present record, summary dismissal of the Production Bonus claim is precluded by an issue of fact as to whether the bonus was discretionary compensation or earned wages (see Labor Law § 190; Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16 [2012]; Mirchel v RMJ Sec. Corp., 205 AD2d 388, 389-390 [1st Dept 1994]; Weiner v Diebold Group, 173 AD2d 166, 167 [1st Dept 1991]). It was determined on the prior appeal that the contract language and documentary evidence did not conclusively establish that the production bonus was discretionary, rather than earned (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 109-110 [2018]). The additional evidence submitted by Evolution on the instant motion does not compel a different result.
The court correctly dismissed the SAC's claims alleging breach of the restrictive covenants. The record demonstrates as a matter of law that these covenants are not enforceable because Evolution did not have a "continued willingness" to employ Kolchins, despite Kolchins's continued desire to work for the company (Buchanan Capital Mkts., LLC v DeLucca, 144 AD3d 508, 508 [1st Dept 2016] [internal quotation marks omitted]).
The court correctly declined to dismiss Kolchins's claim for breach of the "Extension Agreement." It was held on the prior appeal that the parties' correspondence and course of conduct did not conclusively refute Kolchins's claim that the parties intended to enter into a binding agreement, despite the lack of a formal written contract (Kolchins, 31 NY3d at 107-108). The additional evidence submitted by Evolution on the instant motion does not compel a different result.
Evolution did not support its motion to renew its summary judgment motion with new facts or a change in the law (CPLR 2221[e][2]) that would justify dismissing Kolchins's claim to recover "Guaranteed Payment" under the alleged Extension Agreement. Moreover, Evolution did not provide reasonable justification for its failure to present such facts on the motion for summary judgment (CPLR 2221[e][3]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK