Raparthi v Clark (2023 NY Slip Op 01757)

Raparthi v Clark

2023 NY Slip Op 01757

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, Rodriguez, JJ. 

Index No. 654875/16 Appeal No. 17607-17608-17609-17610 Case No. 2021-04538, 2021-04620, 2021-04732, 2022-03121 

[*1]Virupaksha Raparthi, et al., Plaintiffs-Respondents,
v
Michael Joseph Clark, Defendant-Appellant.

Reisman Rubeo, LLP, Hawthorne (Mark I. Reisman of counsel), for appellant.
O'Brien, LLP, New York (A.J. Monaco of counsel), for respondents.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 16, 2021, awarding defendant damages of $566,156.72, inclusive of interest and costs, and bringing up for review an order, same court and Justice, entered June 17, 2021, which granted plaintiffs' summary judgment motion on their claim for money had and received and dismissing defendant's third counterclaim asserting a violation of New York Labor Law §§ 193 and 198-1(a), unanimously modified, on the facts, to vacate the award of damages and to remand the matter for further proceedings to assess the proper award, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered June 17, 2021 and November 12, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered June 30, 2022, which denied defendant's motion to renew, unanimously affirmed, without costs.
The motion court properly dismissed defendant's counterclaim for violations of the New York Labor Law and correctly denied defendant's motion to renew.
Defendant alleged that between February and June 2016, plaintiff Virupaksha Raparthi withheld commissions which were due to him. As stated by the motion court, defendant failed to allege that this constituted an unlawful deduction of wages as required under Labor Law § 193. Labor Law § 193 states "[n]o employer shall make any deduction from the wages of an employee, except deductions which . . . are expressly authorized in writing by the employee and are for the benefit of the employee." This section relates only to unlawful "deductions" from wages (see Kolchins v Evolution Mkts., Inc., 182 AD3d 408, 409 [1st Dept 2020] [failure to pay a "Production Bonus" was a "wholesale withholding of payment," and not a deduction within the meaning of Labor Law § 193], citing Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449-450 [1st Dept 2017]; Stec v Passport Brands, Inc., 182 AD3d 434 [1st Dept 2020], lv dismissed 36 NY3d 1082 [2021]).
Defendant argues that the August 2021 amendment to § 193, also known as the No Wage Theft Loophole Act (Labor Law § 193, as amended by L 2021, ch 397) (Act) requires reinstatement of his Labor Law claim.
Preliminarily, there is nothing to suggest that the Act was intended to apply retroactively. Generally, "[a]mendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]). Here, the Legislature did not explicitly indicate that the Act would apply retroactively to claims such as defendant's. Although the legislative history states that it is a "remedial amendment," it has been held that "[c]lassifying a statute as remedial does not automatically overcome the strong presumption of prospectivity since the term may broadly encompass any attempt to supply some defect or abridge some superfluity [*2]in the former law" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998] [internal quotation marks omitted]).
Even assuming the Act was intended to apply retroactively and would be applicable to defendant's § 193 claim, this Court has continued to hold that the wholesale withholding of commissions is not a specific deduction from wages as required under § 193 (see Vergara v Mission Capital Advisors, LLC, 200 AD3d 484, 485 [1st Dept 2021]); Kolchins, 182 AD3d at 409; Perella Weinberg Partners LLC, 153 AD3d at 449-450).
Plaintiffs established prima facie entitlement to summary judgment on their claim for money had and received, as their evidence established their ownership of the funds given to defendant and that, under principles of equity and good conscience, defendant should not be allowed to retain them (see Slemish Corp., S.A. v Morgenthau, 63 AD3d 418, 419 [1st Dept 2009]). It is undisputed that defendant received large amounts of money from plaintiffs for the stated purpose of furthering his ticket-reselling business, which he ran outside of his regular employment as a FINRA-registered municipal bonds trader. Moreover, FINRA conducted its own investigation into defendant, and determined that defendant had converted money entrusted to him by his colleagues, including plaintiffs, for his ticket-selling business by paying off other creditors and paying his personal expenses (see e.g. Palmeri v Willkie Farr & Gallagher LLP, 156 AD3d 564, 567 [1st Dept 2017] [dismissing claim, where "the identical issue was decided in the FINRA proceeding and plaintiff had a full and fair opportunity to litigate it before FINRA"]).
Defendant failed to raise a triable issue of fact. His claim that plaintiffs charged him a usurious interest rate is irrelevant to plaintiffs' quasi-contract claim for money had and received, which is not based on the written agreement memorializing the transactions (see e.g. Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 269 [1st Dept 2003]). Indeed, defendant repeatedly claimed that he never signed the agreement containing the purportedly usurious interest rate or agreed to its terms, and plaintiffs never sought any interest on the $312,000 advanced for the purchase of "seat licenses" to the U.S. Open Tennis Tournament. In any event, FINRA determined that the "loans" made by plaintiffs to defendant for his ticket-selling business were also "investments" because the parties intended to make a profit on the resale (see Intima-Eighteen, Inc. v Schreiber Co., 172 AD2d 456, 457 [1st Dept 1991]).
We have considered defendant's various procedural arguments and find them unavailing.
However, since the order failed to accurately account for all of the payments made by defendant to plaintiffs or the commissions withheld by Raparthi, we remand for a proper assessment of damages.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023