Seemungal v New York State Dept. of Fin. Servs. (2023 NY Slip Op 06341)

Seemungal v New York State Dept. of Fin. Servs.

2023 NY Slip Op 06341

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 151495/21 Appeal No. 1087 Case No. 2022-02913 

[*1]Richard Seemungal, Plaintiff-Appellant,
v
New York State Department of Financial Services et al., Defendants-Respondents.

Kousoulas & Associates P.C., New York (Antonia Kousoulas of counsel), for appellant.
Letitia James, Attorney General, New York (Kwame N. Akosah of counsel), for respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about June 17, 2022, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.
When considering a motion to dismiss for failure to state a cause of action, the pleadings should be afforded a liberal construction and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Here, the motion court erred by requiring plaintiff on this motion to dismiss to "set forth. . . sufficient evidence to prove that defendants' actions were rooted in discrimination, rather than. . . following protocol to ensure that plaintiff fulfilled his employment obligations" and requiring plaintiff "to show that there was a causal connection between plaintiff's protected activity and the alleged retaliation." Furthermore, rather than considering whether the four corners of the complaint assert facts "which taken together manifest any cause of action cognizable at law" (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]), the motion court made factual determinations that are clearly based on allegations asserted by defendants in documents attached to their motion. Considering plaintiff's complaint under the liberal pleading standards, we find that he has adequately alleged a cause of action for sex discrimination.
Defendants were also not entitled to dismissal of plaintiff's sex discrimination claim on the basis of the statute of limitations. Although, as plaintiff acknowledges, some events mentioned in the complaint occurred outside of the applicable three-year statute of limitations period, plaintiff has sufficiently alleged a "single continuing pattern of unlawful conduct extending into the limitations period immediately preceding the filing of the complaint" to survive the motion to dismiss (Crawford v American Broadcasting Co., Inc., 216 AD3d 507, 507 [1st Dept 2023][internal quotation marks and brackets omitted]).
Plaintiff also adequately pleaded a cause of action for retaliation. To satisfy the knowledge requirement on a retaliation claim, nothing "more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity" (Gordon v New York City Bd. of Educ., 232 F3d 111, 117 [2d Cir 2000]). Plaintiff sufficiently alleges general knowledge by his employer of his protected activity. Therefore, plaintiff's complaint sufficiently alleges causes of actions for sex discrimination and retaliation and defendant's motion to dismiss should be denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023