Kanthan v Tagstone Tech., LLC (2024 NY Slip Op 00973)

Kanthan v Tagstone Tech., LLC

2024 NY Slip Op 00973

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 652254/22 Appeal No. 1755-1756 Case No. 2023-03502, 2023-04397 

[*1]Anoop Kanthan, Plaintiff-Appellant,
v
Tagstone Technology, LLC et al., Defendants, Muthla AlSayer, Defendant-Respondent.

Sullivan & Klein, LLP, New York (Robert M. Sullivan and Matthew L. Minsky of counsel), for appellant.
Cohen Tauber Spievack & Wagner P.C., New York (Kenneth J. Rubinstein of counsel), for respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered August 17, 2023, dismissing the amended complaint as against defendant Muthla AlSayer, and bringing up for review an order, same court and Justice, entered June 21, 2023, which granted AlSayer's motion to dismiss the amended complaint, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Presuming plaintiff was employed by defendant Tagstone Technologies L.L.C. and according him the benefit of every favorable inference (see Seemungal v New York State Dept. of Fin. Servs., 222 AD3d 467 [1st Dept 2023]), the amended complaint still fails to allege that defendant AlSayer violated New York Labor Law § 193. The complaint alleges a wholesale withholding of $977,171 in wages for the period of 2017 t0 2019 rather than a "deduction," and the No Wage Theft Loophole Act (Labor Law § 193, as amended by L 2021, ch 397) does not apply retroactively to plaintiff's claim (see Kolchins v Evolution Mkts., Inc., 182 AD3d 408, 409 [1st Dept 2020]; see also Raparthi v Clark, 214 AD3d 613, 614 [1st Dept 2023]). Plaintiff also fails to state a claim under Labor Law § 198, as this statute merely provides the remedies available to an employee who prevails under a substantive provision of article 6 of the Labor Law (see Riggi v Charlie Rose Inc., 212 AD3d 486, 486 [1st Dept 2023]).
As for plaintiff's claim for breach of an oral employment agreement, the amended complaint fails to allege any of the material terms of the alleged agreement, including how much plaintiff was to be paid, how often he was to be paid, and what services he was to provide defendants (see Hymowitz v Nguyen, 209 AD3d 997, 1000-1001 [2d Dept 2022]). Plaintiff's bare allegation that defendants agreed to pay him "wages and bonuses" for his "services" from 2017 to 2019 is insufficient.
Plaintiff also fails to sufficiently plead facts in support of his claim for breach of a settlement agreement. The amended complaint alleges that AlSayer agreed to transfer 961,553 shares of nonparty OmniXlabs, Inc. to plaintiff in satisfaction of plaintiff's back wages claim, pursuant to a settlement agreement. However, the purported settlement agreement, submitted by plaintiff, is unsigned and bears no reference to the settlement, back pay, or any employment relationship between plaintiff and defendants (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]). Similarly, plaintiff's claim for unjust enrichment against AlSayer fails because the complaint lacks facts showing that she was personally enriched at his expense (see Nuntnarumit v Lyceum Partners LLC, 165 AD3d 532, 533 [1st Dept 2018]).
In light of these deficiencies, the motion court providently denied, sub silentio, plaintiff's request to amend the complaint for a second time (see Mendoza v Cornell Univ., 215 AD3d 590 [1st Dept 2023]). In any event, plaintiff has failed to show that [*2]any proposed amendment "is not palpably insufficient or clearly devoid of merit" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]; see also Mosaic Caribe, Ltd. v AllSettled Group, Inc., 117 AD3d 421, 421-422 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024