Perella Weinberg Partners LLC v Kramer (2024 NY Slip Op 02026)

Perella Weinberg Partners LLC v Kramer

2024 NY Slip Op 02026

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 653488/15, 595812/15 Appeal No. 2070 Case No. 2023-04110 

[*1]Perella Weinberg Partners LLC, et al., Plaintiffs-Respondents,
v
Michael A. Kramer et al., Defendants-Appellants, Joshua S. Scherer et al., Defendants. (And a Third-Party Action.)

Quinn Emanuel Urquhart & Sullivan, LLP, New York (Maaren A. Shah of counsel), for appellants.
Gibson Dunn & Crutcher, LLP, New York (Christopher D. Belelieu of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 3, 2023, which denied defendants' motion for leave to renew plaintiffs' motion for summary judgment dismissing defendants' counterclaim for nonpayment of wages pursuant to Labor Law §§ 193 and 198, unanimously affirmed, without costs.
The motion court's incorrect application of the CPLR 2221(d) motion to reargue standard to defendants' CPLR 2221(e) motion for leave to renew does not alone require reversal, as there are "other grounds for affirmance that were presented to the motion court" (Grate v Rodrigues, 179 AD3d 440, 441 [1st Dept 2020]).
The Legislature's enactment of the No Wage Theft Loophole Act (Labor Law § 193, as amended by L 2021, ch 397), does not require reinstatement of defendants' Labor Law claim because the Act does not apply retroactively (see Kanthan v Tagstone Tech., LLC,  
AD3d , , 2024 NY Slip Op 00973, *1 [1st Dept 2024]; Raparthi v Clark, 214 AD3d 613, 614 [1st Dept 2023]).
Defendants contend that Raparthi should be overruled because the Act's text and legislative history support its retroactive application—arguments that this Court has already considered and rejected (see Raparthi, 214 AD3d at 614), and we discern no compelling justification to overturn our recent precedents (see Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 819-820 [2015] [internal quotation marks omitted]).
Defendants raise no compelling justification beyond their disagreement with Raparthi's holding, which is insufficient to overcome stare decisis considerations (see id.; cf. Wiggins v City of New York, 201 AD3d 22, 25 [1st Dept 2021]). Raparthi should be understood to hold only that the Act's amendments do not apply to Labor Law § 193 claims arising from pre-Act conduct, as that case did not present an opportunity to consider the Act's prospective application (see Raparthi, 214 AD3d at 614). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024