| |
|---|
| **Green v Overwatch Servs. LLC** |
| 2025 NY Slip Op 30041(U) |
| January 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151793/2024 |
| Judge: James d'Auguste |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   __Hon. James E. d'Auguste__                    PART 55

_Justice_

-----------------------------------------------------------------X

CONSTANCE D. GREEN,

                            Plaintiff,

                - v -

OVERWATCH SERVICES LLC,

                    Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151793/2024 |
| MOTION DATE | 05/21/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11
were read on this motion to/for                               DISMISSAL                .

      In this action seeking damages for violations of the Labor Law, in Motion Sequence 001, defendant employer Overwatch Services LLC ("Overwatch") moves pre-answer to dismiss the complaint pursuant to CPLR 3211(a)(7). Plaintiff Constance D. Green opposes the motion to dismiss. For the reasons set for the below, the motion is denied.

      Green was employed by Overwatch as a security guard from approximately June 2022 through January 2024, and primarily worked at Overwatch's New York City and Bronx locations. The complaint alleges Green brings this action on behalf of herself and all other similarly situated non-exempt hourly Overwatch employees in this putative class action suit. Green asserts two causes of action against Overwatch: the first cause of action alleges Overwatch violated 12 N.Y.C.R.R. Part 142, Section 3.5(c) as it did not pay for nor reimburse Green for the washing and upkeep of her work uniform, and the second cause of action alleges Overwatch violated the New York "Spread of Hours Law," – 12 N.Y.C.R.R. Section 146-1.6 (NYSCEF Doc. Nos. 2, 6, 7). Green asserts she was required by Overwatch to work shifts that began and ended more than 10 hours apart in one day without being

151793/2024 GREEN, CONSTANCE D vs. OVERWATCH SERVICES LLC
Motion No. 001

Page 1 of 4

[* 1]

paid one extra hour's pay at minimum wage for every day in which the interval between the start and end times exceeded two hours.

Overwatch argues that both of Green's claims against it must be denied due to a failure to state a cause of action under CPLR 3211(a)(7). While Green alleges a violation of Section 142-3.5(c), Overwatch asserts that a "Wash and Wear" exemption under 12 N.Y.C.R.R. Section 146-1.7 bars Green from stating a valid cause of action under Section 142-3.5(c). Overwatch claims that the uniform Green was required to wear consisted of a shirt and blazer, that were emblazoned with Overwatch's logo, pants, and a tie. Overwatch claims that a shirt – Green was provided with two shirts – and pants are typically made of wash-and-wear materials, and do not require dry cleaning, but may be easily washed with other garments. Additionally, Overwatch asserts a blazer is generally a coat that does not require regular washing, nor does a tie, and may be dry cleaned once a season (NYSCEF Doc. No. 6). Hence, Overwatch argues that as Green's uniform consisted of items that were wash and wear materials, the "Wash and Wear" exemption applies to the matter and Green fails to establish a cause of action under 12 N.Y.C.R.R. Part 142, Section 3.5(c). *Sanchez Flores v. El Bukanitas Inc.*, No. 22-CV-6751-DG-SJB, 2024 WL 1051161, at 8 (E.D.N.Y. Feb. 14, 2024) (wash and wear exemption applies even though plaintiff was required to wear different colored shirt each day, black skirt, and shoes; no part of her uniform required maintenance beyond washing and maintaining at home). Further, Overwatch contends that Green was a security guard, and not a manual laborer or food service worker wherein her clothes required frequent or more burdensome cleaning and maintenance. *See, Tecocoatzi-Ortiz v. Just Salad LLC*, 18-cv-7342 (JGK), 2022 WL 596831, at 16 (S.D.N.Y. Feb. 25, 2022).

Conversely, Green asserts that Overwatch's argument regarding the "Wash and Wear" exception is meritless, arguing the exception is not applicable to the Miscellaneous Wage Order, and only applies to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. 146 – which applies only to a restaurant or hotel

**151793/2024  GREEN, CONSTANCE D vs. OVERWATCH SERVICES LLC**                      **Page 2 of 4**
Motion No. 001

2 of 4

(12 N.Y.C.R.R. 146-3.1). Green notes that the complaint contains no allegations that she and the putative class worked for a restaurant or hotel, and, in fact, neither Green nor the putative class worked at either such establishment (NYSCEF Doc. Nos. 2, 7, 10). Green points out that Overwatch concedes such fact, and specifically states that, "[n]otably, the Plaintiff in this matter was a security guard, not a food service worker or manual laborer…" (NYSCEF Doc. Nos. 6, 10). Green contends that there is no exception in the Miscellaneous Wage Order to uniform maintenance pay where uniforms are required. Green argues that there is no mention of a "Wash and Wear" exemption anywhere in the Miscellaneous Wage Order at 12 N.Y.C.R.R. 142-3.5(c), which states, in relevant part: "[w]here an employer fails to launder or maintain required uniforms for any employee, he shall pay such employee in addition to the minimum wage prescribed herein at the weekly rate set forth below, based on the number of hours worked…" As such, Green maintains that Overwatch's arguments regarding the "Wash and Wear" exception lacks merit, and is irrelevant to the cause of action alleged.

Additionally, while Overwatch makes much of Green's alleged failures in satisfying the elements required for class certification, Green notes that she has not moved for class certification, but merely filed a complaint as a putative class action. Despite same, Green further asserts that the complaint does comport with CPLR 3013, and is "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." *See e.g. Brown v. S. Nassau Communities Hosp.*, 2019 NY Slip Op 32239[U], \*9 (Sup Ct, NY County 2019). However, as Green also indicates, this is merely a putative class action, as referenced in the caption and throughout the complaint, but the complaint is not a motion for class certification, and same is not sought herein at this juncture.

On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the pleadings should be afforded a liberal construction and the Court must "accept the facts alleged in the

151793/2024  GREEN, CONSTANCE D vs. OVERWATCH SERVICES LLC
Motion No. 001

Page 3 of 4

3 of 4

complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. *Seemungal v. New York State Dep't of Fin. Servs.* 222 A.D.3d 467 (1st Dep't 2023), citing *Leon v. Martinez*, 84 N.Y.2d 83 (1994). Further, if "there is any doubt as to the availability of a defense, it should not be dismissed." *Fireman's Fund Ins. Co. v Farrell*, 57 A.D.3d 721 (2d Dep't 2008).

Therefore, taking Green's allegations as true, as the Court must on a motion pursuant to CPLR 3211(a)(7), and considering Green's complaint under the liberal pleading standards, the Court finds that Green adequately pleaded a cause of action for violation of 12 N.Y.C.R.R. Part 142, Section 3.5(c) as Overwatch did not pay for, nor reimburse Green for the washing and upkeep of her work uniform – provided by Overwatch – that she (and the putative class) were required to wear. Hence, Overwatch's arguments in moving for dismissal of Green's complaint fail. Accordingly, it is

ORDERED that Overwatch's motion to dismiss is denied.

The Court considered the parties remaining arguments and finds them unavailing.[1]

This constitutes the decision and order of the Court.

| 01/07/2025 | | |
|---|---|---|
| DATE | | Hon. James d'Auguste, J.S.C. |

CHECK ONE: [ ] CASE DISPOSED [X] NON-FINAL DISPOSITION

[ ] GRANTED [X] DENIED [ ] GRANTED IN PART [ ] OTHER

APPLICATION: [ ] SETTLE ORDER [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

---

[1] While plaintiff's complaint asserts a violation of the Spread of Hours Law, aside from a brief mention on the topic by defendant that the complaint fails to adequately plead the commonality element for class certification, neither party provides more than a cursory mention of the violation in either the defendant's memorandum of law in support, nor in the plaintiff's opposition. As such, that allegation is deemed abandoned.

**151793/2024 GREEN, CONSTANCE D vs. OVERWATCH SERVICES LLC** **Page 4 of 4**
Motion No. 001

[* 4]