**Altman v New York City Dept. of Educ.**

2025 NY Slip Op 30988(U)

March 28, 2025

Supreme Court, New York County

Docket Number: Index No. 154185/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

PART 47

-------------------------------------------------------------------------------X

KATIE ALTMAN

Plaintiff,

- v -

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 154185/2024

MOTION DATE 01/15/2025, 01/15/2025

MOTION SEQ. NO. 001 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12

were read on this motion to/for _____DISMISSAL_____.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12

were read on this motion to/for _____DISMISSAL_____.

In this whistleblower retaliation action, defendant, New York City Department of Education ("DOE") moves to dismiss the complaint, arguing that plaintiff's claim must be dismissed for failure to exhaust her contractual remedies.

Plaintiff, Katie Altman, was a DOE employee serving as a guidance counselor at various schools, and then later an Assistant Principal at M.S. 297 from 2004 until her resignation in 2023 (NYSCEF Doc No 1 at ¶¶ 4 – 5, 10 – 11, 71). Plaintiff alleges that after questioning a student about a swollen lip, the student told her that his father struck him in an after-school meeting with M.S. 297, Principal Valerie Leak ("Principal Leak") (*id*. at ¶¶ 32, 34-36). Plaintiff alleges that Principal Leak failed to report the physical assault, within the requisite timeframe to the New York State Central Registry, in violation of her duties as a mandated reporter under New York Social Service Law § 420 (*id*. at ¶¶ 38, 42 – 43). Plaintiff states that since she too was required to report incidents of alleged abuse, her report revealed Principal Leak's failure to act, which

**154185/2024  ALTMAN, KATIE vs. NEW YORK CITY DEPARTMENT OF EDUCATION**
**Motion No.  001 001**

Page 1 of 4

[* 1]

resulted in a campaign of abuse and retaliation directed at her, by Principal Leak and

Superintendent Kelly McGuire ("Superintendent McGuire") (*id*. at ¶¶ 46 – 53). Plaintiff alleges

the retaliation campaign culminated in Superintendent McGuire denying her tenure, leading to

her decision to resign (*id*. at ¶¶ 69 – 71). Plaintiff asserts one cause action for violation of New

York Civil Service Law §75-b ("Whistleblower Law").

New York Civil Service Law § 75-b(2)(a) states:

> 2. (a) A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action. "Improper governmental action" shall mean any action by a public employer or employee, or an agent of such employer or employee, which is undertaken in the performance of such agent's official duties, whether or not such action is within the scope of his employment, and which is in violation of any federal, state or local law, rule or regulation.

Defendant argues that pursuant to plaintiff's union's Collective Bargaining Agreement

("CBA") she is required to arbitrate her Whistleblower claim. Indeed, New York Civil Service

Law § 75-b(3)(a)-(b) permits employees required to adjudicate employment disputes in

arbitration under a CBA to raise Whistleblower Law defenses in arbitration and directs the

arbitrator to consider and determine the merits of such a claim. When a plaintiff is "subject to a

collectively negotiated agreement which contains provisions preventing an employer from taking

adverse personnel actions and which contains a final and binding arbitration provision, she [i]s

required to bring her claim in arbitration instead of in court" (*DiGregorio v MTA Metro-N. R.R.*,

140 AD3d 530, 530-31 [1st Dept 2016]).

154185/2024   ALTMAN, KATIE vs. NEW YORK CITY DEPARTMENT OF EDUCATION                    Page 2 of 4
Motion No.  001 001

2 of 4

[* 2]

Article X of the CBA contains the grievance procedure and requires any grievance to be resolved pursuant to a two-step process. First a written complaint must be made to the employee's immediate supervisor then if the grievance is not resolved the employee may appeal to the Chancellor. If the grievance is still not resolved, then the matter may be submitted to arbitration (NYSCEF Doc No 7 at 78 – 83). The CBA provides that:

> 1. The term "grievance" shall mean:
>  a. A complaint by a supervisor covered by this Agreement that there has been as to him/her a violation, misinterpretation or inequitable application of any of the provisions of this Agreement.
> b. A complaint by CSA involving alleged misapplication or misinterpretation of this Agreement.

Plaintiff argues that this definition does not apply to the issues she seeks to have remedied, citing *Verdi v City of New York*, which involved the CBA and the same union plaintiff is a member of, where the court was unable to find provisions that applied to plaintiff's claims (306 F Supp 3d 532 [SDNY 2018]). However, defendant avers that a Memorandum of Agreement (MOA) modified the CBA between plaintiff's union and defendant and the MOA includes a section entitled "Anti-Retaliation" (NYSCEF Doc No 6 at ¶ 16). That section states:

> DOE shall maintain an environment that promotes an open and respectful exchange of ideas that is free of harassment, intimidation, retaliation and discrimination. All employees are permitted to promptly raise any concerns about any situation that may violate the collective bargaining agreement, rule/law/regulation, or Department policy or that relates to their professional responsibilities or the best interests of their students. The harassment, intimidation, retaliation and discrimination of any kind because an employee in good faith raises a concern or reports a violation or suspected violation of any Department policy, rule/law/regulation or contractual provision or participates or cooperates with an investigation of such concerns is prohibited.

Therefore, defendant's alleged retaliatory conduct would violate the CBA and thus is subject to the Article X grievance procedures of the CBA, and since the plaintiff must follow the

154185/2024   ALTMAN, KATIE vs. NEW YORK CITY DEPARTMENT OF EDUCATION          Page 3 of 4
Motion No.  001 001

3 of 4

arbitration procedure, the complaint must be dismissed.

Accordingly it is,

ORDERED that defendant's motion to dismiss the complaint is granted and the clerk is directed to enter judgment accordingly with costs and disbursements to defendant as taxed by the clerk.

20250328115356PGOETZA2A363C298284Z3DBE2D3C2EA869113B

| **3/28/2025** | | | | |
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154185/2024   ALTMAN, KATIE vs. NEW YORK CITY DEPARTMENT OF EDUCATION**          **Page 4 of 4**
  **Motion No.  001 001**

4 of 4

[* 4]