American Empire Surplus Lines Ins. Co. v Hudson Ins. Group (2025 NY Slip Op 02401)

American Empire Surplus Lines Ins. Co. v Hudson Ins. Group

2025 NY Slip Op 02401

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 653422/20|Appeal No. 4169|Case No. 2023-04464|

[*1]American Empire Surplus Lines Insurance Company, Plaintiff-Appellant,
v
Hudson Insurance Group, Defendant-Respondent. [And Another Action]

L'Abbate, Balkan, Colavita & Contini, LLP, Melville (John D. McKenna of counsel), for appellant.
Melito & Adolfsen P.C., New York (Ignatius John Melito of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered August 8, 2023, which denied the motion of plaintiff American Empire Surplus Lines Insurance Company for leave to renew its motion for summary judgment, unanimously affirmed, with costs.
In this insurance coverage dispute, American Empire filed a note of issue certifying that all discovery in this action was complete and moved for summary judgment based primarily on the third-party complaint, which alleged that the underlying plaintiff Marcos Berrones was employed by Unibud, and that his accident was caused by Unibud's acts or omissions; the investigative report of Unibud's co-owner, who stated that Berrones was his former employee at the time of the incident; and the workers' compensation decision, which identified Unibud as Berrones' employer. However, Supreme Court denied the motion because these documents were uncertified and unauthenticated. American Empire then took the deposition testimony of witnesses for Inter Restoration and Unibud Restoration. Although it alleges that this testimony is new evidence, it admitted that it failed to take these depositions and submit this additional evidence on its original motion not because it was unable to do so, but because it made a strategic decision. American Empire was concerned that the depositions from the respective owners of Inter Restoration and Unibud Restoration could negatively impact its case (see generally CPLR 2221[e]; see e.g. Kolchins v Evolution Mkts., Inc., 182 AD3d 408, 410 [1st Dept 2020]). Accordingly, Supreme Court providently exercised its discretion when it denied the motion for leave to renew based on the "new" evidence.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025