Dume v City of New York
2026 NY Slip Op 03629
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jose Dume, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.

Decided and Entered: June 09, 2026
Index No. 155486/23|Appeal No. 6833|Case No. 2025-01842|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Law Office of John A. Scola, PLLC, New York (John A. Scola of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered March 27, 2025, which granted defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint, unanimously modified, on the law, to reinstate plaintiff's retaliation claims pursuant to the New York State and New York City Human Rights Laws and to grant the cross-motion insofar as it seeks leave to amend the complaint to supplement the Human Rights Laws retaliation allegations, and otherwise affirmed, without costs.
The court properly dismissed plaintiff's Civil Service Law § 75-b whistleblower claim because the "adverse personnel actions" which plaintiff claims were retaliatory were subject to "final and binding" arbitration under the terms of his collective bargaining agreement (DiGregorio v MTA Metro-N. R.R., 140 AD3d 530, 530-531 [1st Dept 2016]; see Civil Service Law § 75-b [3] [b], [c]). However, defendants' argument that plaintiff's assertion of a Civil Service Law § 75-b claim precludes his assertion of other retaliation claims under the Labor Law's election-of-remedies provision relies on statutory text that was eliminated from the Labor Law (see L. 2019, ch. 684, § 1).
The court also properly dismissed plaintiff's discrimination claims because the complaint fails to allege facts giving rise to an inference of unequal treatment. Plaintiff alleges only a "tiny number of stray . . . remarks . . . none of which concerned an employment decision" (Melman v Montefiore Med. Ctr., 98 AD3d 107, 126 [1st Dept 2012]). Further, his allegations that he was singled out because of his ethnicity are conclusory and insufficient to support his claims (see Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021]). Plaintiff fails to demonstrate that those who were treated better than he was were "similarly situated in all material respects" (Etienne v MTA N.Y. City Tr. Auth., 223 AD3d 612, 612 [1st Dept 2024] [internal quotation marks omitted]). Nor does plaintiff state a hostile work environment claim, as the allegations related to his race and national origin amount only to "petty slights and trivial inconveniences" (Lent v City of New York, 209 AD3d 494, 495 [1st Dept 2022], lv dismissed 39 NY3d 1118 [2023] [internal quotation marks omitted]). The proposed second amended complaint does not remedy these deficiencies.
[*2]
However, the complaint adequately states a retaliation claim under the State and City Human Rights Laws. Plaintiff alleges that several days after he objected to a comment about his national origin made by defendant Deputy Inspector John Wilson, Wilson sought to replace an existing positive performance evaluation of plaintiff with a negative one, and that after he filed a formal complaint later that month with the detective bureau's executive officer about Wilson's conduct, plaintiff was ordered to report to psychological services for a mandatory evaluation, which resulted in the confiscation of his gun and shield. Such allegations are sufficient to assert "general knowledge by [plaintiff's] employer of his protected activity" (Seemungal v New York State Dept. of Fin. Servs., 222 AD3d 467, 468 [1st Dept 2023]), as well as specific knowledge by, at a minimum, Wilson. The passage of only days between plaintiff's opposition to Wilson's comment and Wilson's alleged negative evaluation campaign "easily falls within the acceptable temporal range to establish a causal connection" (Herskowitz v State of New York, 222 AD3d 587, 588 [1st Dept 2023]). Moreover, Wilson's explicit reference to the detective bureau's executive officer "jam[ming] [plaintiff] up," if proven, would constitute direct evidence of a retaliatory motive.
Plaintiff also stated a retaliation claim under the City and State Human Rights Laws arising out of the complaint he filed with the Office of Equal Employment regarding Wilson, which was followed five months later by charges and specifications being issued against plaintiff for being absent without leave during an approved vacation. This sequence of events, coupled with Wilson's comment one month before plaintiff filed his complaint that plaintiff was "supposed to get charges and specifications" instead of being promoted could establish a causal connection between his protected activity and the charges (see id. at 588-589). Furthermore, although a plaintiff asserting Human Rights Law violations need not allege pretext as part of a prima facie case, the allegations that the psychiatrist cleared plaintiff and that the AWOL charge was unfounded, if proven, would raise a further inference of retaliatory motive (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 43 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
The alleged retaliatory actions outlined above were "reasonably likely to deter a person from engaging in protected activity" under the City Human Rights Law (Administrative Code of City of NY), § 8-107 (7). At a minimum, the denial of overtime and charges and specifications were adverse actions under the State Human Rights Law (see Pastor v August Aichhorn Ctr. for Adolescent Residential Care, Inc., 238 AD3d 645, 645 [1st Dept 2025], lv denied 45 NY3d 903 [2026]).
[*3]
To the extent the proposed amended pleading adds allegations that plaintiff's placement on probation deprived him of opportunities and that he was denied a post at the Office of Management Analysis and Planning as part of the pattern of retaliation against him under the Human Rights Laws, the proposed pleading should be considered the operative complaint in the case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026